**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DANIEL LIONG, | No. 13-71066 |
| Petitioner, | Agency No. A096-362-473 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Daniel Liong, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the BIA's denial of CAT relief because Liong failed to establish it is more likely than not that he will be tortured by or with the acquiescence of government officials if returned to Indonesia. *See id.* at 1068. We reject Liong's contention that the BIA failed to properly evaluate the evidence. Thus, we deny the petition as to Liong's CAT claim.

With respect to Liong's withholding of removal claim, however, substantial evidence does not support the BIA's finding that the incidents of mistreatment Liong personally experienced did not rise to the level of persecution. *See Chand v. INS*, 222 F.3d 1066, 1073-75 (9th Cir. 2000) (record compelled finding of persecution where petitioner suffered multiple incidents of physical harm and other kinds of hardship at various times over a period of years). Thus, we grant the petition for review and hold that Liong suffered harm rising to the level of persecution. We remand to the BIA to address any other issues regarding Liong's withholding of removal claim and, if necessary, to remand to the IJ for further proceedings. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013) (BIA may not engage in its own

13-71066

factfinding). We note that, contrary to the BIA's assertion, Liong's case is not governed by the REAL ID Act.

In light of our conclusions, we do not reach Liong's other arguments regarding his withholding of removal claim.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**